NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-619-KKC

JAMES HAROLD TAYLOR                                                                                  PLAINTIFF

VS.              **MEMORANDUM OPINION AND ORDER**

JACK SIZEMORE, ET AL.                                                                             DEFENDANTS

James Harold Taylor, the *pro se* plaintiff who is confined in the Laurel County Detention Center ("LCDC") in London, Kentucky, filed a complaint under 42 U.S.C. §1983 [Record No. 1]. The plaintiff named the following persons as defendants: (1) Jack Sizemore, Jailer of the LCDC; (2) Roger Gibbs, Supervisor of the Kentucky Department of Public Advocacy; and (3) Larry Huffman, whom the plaintiff identifies as an attorney in London, Kentucky.

This matter is now before the Court for consideration of the plaintiff's handwritten letter in which he requests that his §1983 complaint be dismissed [Record No. 5]. The plaintiff states that he has reached an agreement with the defendants. As the plaintiff seeks voluntary dismissal of this action, the Court construes his letter as "Motion to Dismiss." Federal Rule of Civil Procedure 41(a)(1), which governs voluntary dismissals, reads in pertinent part as follows:

> **Rule 41.** Dismissal of Actions
> (A) Voluntary Dismissal: Effect Thereof.
>     (1) By Plaintiff; by Stipulation.  Subject to the
> provisions of  Rule 23(e), of Rule 66, and of any statute of the
> United States, an action may be dismissed by the plaintiff without
> order of court (i) by filing a notice of dismissal at any time before
> service by the adverse party of an answer or of a motion for summary
> judgment, whichever first occurs, or (ii) by filing a stipulation of

> dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

*Id.*

Ordinarily, a district court has no discretion to deny a Rule 41(a)(1) notice of dismissal. *Eddins v. Summers*, 230 F.3d 1358, 2000 WL 1478355 (6th Cir. (Tenn.) Sept. 27, 2000) (unpublished disposition) (citing *Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir. 1993)).  Consequently, the plaintiff's construed voluntary "Motion to Dismiss" [Record No. 5] is **GRANTED**.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED:**

(1)  The plaintiff's construed voluntary "Motion to Dismiss" [Record No. 5] is **GRANTED**, and the plaintiff's claims are dismissed without prejudice.

 (2)  Judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

Dated this 15th day of December, 2005.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**